1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11  JEFF LAUE,                                    )    NO. CV 07-4596-E
                                                 )
12             Plaintiff,                         )
                                                 )
13        v.                                      )    **MEMORANDUM OPINION**
                                                 )
14  MICHAEL J. ASTRUE, COMMISSIONER              )
    OF SOCIAL SECURITY ADMINISTRATION,           )
15                                               )
               Defendant.                        )
16  _____)

17

18                              **PROCEEDINGS**

19

20       Plaintiff filed a complaint on July 18, 2007, seeking review of

21  the Commissioner's denial of benefits.  The parties filed a "Consent

22  to Proceed Before a United States Magistrate Judge" on August 20,

23  2007.  Plaintiff filed a motion for summary judgment on February 4,

24  2008.  Defendant filed a motion for summary judgment on March 5,

25  2008.  The Court has taken both motions under submission without oral

26  argument.  See L.R. 7-15; "Order," filed July 24, 2007.

27  ///

28  ///

1 **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

2

3      Plaintiff, a former groundskeeper and electrician's helper,

4 asserted disability based on a variety of alleged physical and mental

5 impairments (Administrative Record ("A.R.") 56-59, 61-74, 118, 125,

6 132-36, 389, 396-400, 731, 738-41, 803-19).  Following a previous

7 remand, the Administrative Law Judge ("ALJ") examined the medical

8 record and heard testimony from Plaintiff, from medical experts, and

9 from a vocational expert (A.R. 318-848).

10

11      The ALJ determined that Plaintiff retains the residual

12 functional capacity to perform jobs existing in significant numbers

13 in the local and national economies (A.R. 340).  The ALJ found

14 Plaintiff's subjective complaints of disabling symptomatology not

15 credible (A.R. 333, 335-36, 340).  The ALJ also rejected the opinion

16 of treating psychiatrist Richard Ciasca, who opined Plaintiff could

17 not work (A.R. 325-28, 333, 738-41).  The Appeals Council denied

18 review (A.R. 290-93).

19

20 **PLAINTIFF'S CONTENTION**

21

22      Plaintiff contends that the ALJ failed to articulate specific

23 and legitimate reasons for rejecting Dr. Ciasca's opinion.

24

25 **STANDARD OF REVIEW**

26

27      Under 42 U.S.C. section 405(g), this Court reviews the

28 Administration's decision to determine if: (1) the Administration's

2

1 findings are supported by substantial evidence; and (2) the

2 Administration used proper legal standards.  See DeLorme v. Sullivan,

3 924 F.2d 841, 846 (9th Cir. 1991); Swanson v. Secretary of Health and

4 Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985).  Substantial

5 evidence is "such relevant evidence as a reasonable mind might accept

6 as adequate to support a conclusion."  Richardson v. Perales, 402

7 U.S. 389, 401 (1971) (citation and quotations omitted).

8

9      This Court "may not affirm [the Administration's] decision

10 simply by isolating a specific quantum of supporting evidence, but

11 must also consider evidence that detracts from [the Administration's]

12 conclusion."  Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987)

13 (citation and quotations omitted).  However, the Court cannot disturb

14 findings supported by substantial evidence, even though there may

15 exist other evidence supporting Plaintiff's claim.  See Torske v.

16 Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S.

17 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

18

19                              **DISCUSSION**

20

21      After consideration of the record as a whole, Defendant's motion

22 is granted and Plaintiff's motion is denied.  The Administration's

23 findings are supported by substantial evidence and are free from

24 material[1] legal error.

25 ///

26 _____

27      [1]    The harmless error rule applies to the review of
administrative decisions regarding disability.  See Curry v.
28 Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v.
Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v.
Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

1    Where, as here, a treating physician's opinion is contradicted,

2  the ALJ may reject the opinion by setting forth "specific, legitimate

3  reasons" for doing so.  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.

4  1987).  "The ALJ can meet this burden by setting out a detailed and

5  thorough summary of the facts and conflicting clinical evidence,

6  stating his interpretation thereof, and making findings."  Thomas v.

7  Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (citations and quotations

8  omitted); see Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1988).

9  The ALJ met this burden in the present case.

10

11    The ALJ's decision contains specific statements to the effect

12  that Dr. Ciasca's opinion is unsupported by and indeed inconsistent

13  with clinical findings and treatment notes from Verdugo Mental Health

14  Center, the clinic at which Dr. Ciasca practices (A.R. 325-28, 333-

15  34).  Such statements, if supported by substantial evidence in the

16  record, provide sufficient justification for the rejection of

17  Dr. Ciasca's opinion.  See, e.g., Matney v. Sullivan, 981 F.2d 1016,

18  1019-20 (9th Cir. 1992); Burkhart v. Bowen, 856 F.2d 1335, 1139-40

19  (9th Cir. 1988); Young v. Heckler, 803 F.2d 963, 967-68 (9th Cir.

20  1986); see also Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir.

21  2004) ("an ALJ may discredit treating physicians' opinions that are

22  conclusory, brief, and unsupported by the record as a whole . . . or

23  by objective medical findings"); Connett v. Barnhart, 340 F.3d 871,

24  875 (9th Cir. 2003) (treating physician's opinion properly rejected

25  where treating physician's treatment notes "provide no basis for the

26  functional restrictions he opined should be imposed on [the

27  claimant]"); Morgan v. Commissioner, 169 F.3d 595, 603 (9th Cir.

28  1999) ("internal inconsistencies" within treating physician's report

4

1 || properly cited as factor in rejecting physician's opinion regarding

2 || disability); <u>Weetman v. Sullivan</u>, 877 F.2d 20, 23 (9th Cir. 1989)

3 || (inconsistency between treating physician's opinion and medical notes

4 || cited in properly rejecting treating physician's opinion).

5

6 ||     Substantial evidence in the record supports the ALJ's

7 || statements.  In opining that Plaintiff is disabled, Dr. Ciasca

8 || indicated Plaintiff has a "poor memory," a global assessment of

9 || functioning of 40, and "frequent" "deficiencies of concentration,

10 || persistence or pace" (A.R. 738-41).  Yet, Dr. Ciasca's mental status

11 || examination of Plaintiff yielded normal results, except for a

12 || depressed mood (A.R. 752).  In fact, the same examination revealed

13 || Plaintiff has an "intact" memory and a "good fund of knowledge."  <u>Id.</u>

14 || Similarly, a report of a subsequent mental status examination of

15 || Plaintiff conducted at Verdugo Mental Health Center indicated

16 || Plaintiff has normal speech, normal orientation, normal memory,

17 || normal intellect, and normal insight and judgment (A.R. 736).  Absent

18 || from the treatment notes of record is any mention of profound

19 || symptomatology, with the possible exception of some subjective

20 || complaints offered by Plaintiff.  <u>See, e.g.</u>, A.R. 721-32, 743-51,

21 || 786-89.  Given that the ALJ properly discounted Plaintiff's

22 || subjective complaints, such complaints cannot rescue the credibility

23 || of Dr. Ciasca's opinion.  <u>See</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144,

24 || 1149 (9th Cir. 2001); <u>Fair v. Bowen</u>, 885 F.2d 597, 605 (9th Cir.

25 || 1989).

26

27 ||     The ALJ also emphasized the inconsistency between Dr. Ciasca's

28 || opinion of extreme mental illness and the conservative treatment the

1 doctor prescribed for Plaintiff (A.R. 333-34).  As the ALJ pointed

2 out, the doctor prescribed a low dose anxiety drug, apparently did

3 not prescribe anything for Plaintiff's alleged depression, and,

4 generally speaking, did not provide treatment "commensurate with a

5 severe impairment" (A.R. 333-34).[2]  Inconsistency between a treating

6 physician's opinion and the conservative nature of the physician's

7 prescribed treatment can constitute a specific, legitimate reason for

8 rejecting the treating physician's opinion.  See, e.g., Howard v.

9 Astrue, 2007 WL 2688496 *9 (E. Cal. Sept. 10, 2007).

10

11      The record in this case is not without conflicts and ambiguities

12 in the medical evidence.  However, the ALJ acted within his

13 discretion to resolve all material conflicts and ambiguities.  See

14 Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  Where, as here,

15 the evidence "admits of more than one rational interpretation," the

16 Court must uphold the administrative decision.  Andrews v. Shalala,

17 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278

18 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980

19 (9th Cir. 1997).

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 

28      [2]    Notably, it also appears that Plaintiff sometimes
declined mental health treatment, including therapy and
antidepressant medication (A.R. 722, 746, 787, 809-12).

1

**CONCLUSION**

2

3      For all of the foregoing reasons, Plaintiff's motion for summary

4  judgment is denied and Defendant's motion for summary judgment is

5  granted.

6

7      LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9          DATED: March 24, 2008.

10

11                        _____/S/_____
                                       CHARLES F. EICK
12                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7